UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR M. GONZALEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RAY LaHOOD, Secretary, Department of Transportation,<br><br>　　　　Defendant. | Civil No. 09cv400-L(WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [doc. #31]and DIRECTING ENTRY OF JUDGMENT** |

In this Title VII action, plaintiff Oscar Gonzalez alleges that he was discriminated against on the basis of his race and he suffered retaliation as a result of his protected activity. Defendant moves for summary judgment. The motion has been fully briefed and for the reasons set forth below, the motion will be granted.

**A.    Factual Background**

From April 2002 until October 2006, plaintiff Gonzalez worked at the Department of Transportation, Federal Motor Carrier Safety Administration at the Otay Mesa field office. Gonzalez was trained for an auditor position, a position at which he performed well. In June 2005, after attending training, Gonzalez became a safety investigator ("SI"). During the academy, the portion of the training concerning how to do an enforcement case was missing but plaintiff had been doing investigator work from 2002.

Barbara Griggs was the acting supervisor of the SIs from February until May 2006. In

February and March 2006, Griggs noted inaccuracies with plaintiff's compliance reviews ("CR") that resulted in cancellation of enforcement actions. Because of plaintiff's errors, Griggs placed plaintiff on a 10-week informal training schedule that included assigning plaintiff to work directly and individually with SIs having more experience, Lynda Holst and Don Tomlinson. Plaintiff was expected to be able to complete a CR on his own at the end of the ten weeks.

During plaintiff's informal training in May 2006, Holst became the supervisor of the SI and Griggs no longer was the acting supervisor. At the end of the training session, neither Griggs, Tomlinson nor Holst assessed plaintiff as being able to complete a CR independently. As a result of the informal training assessment, plaintiff was placed on a performance improvement plan ("PIP"), the notice of which cites to four specific occurrences involving CRs or enforcement cases or both for four different carriers as reasons for placing plaintiff on a PIP. The PIP notice stated that plaintiff was failing to meet the critical job duties of conduting CRs and subsequent enforcement cases. It also described several deficiencies Tomlinson or Holst observed between between April 17 and June 23, 2006.

The relevant performance expectations Gonzalez would be required to meet were set forth in the PIP. Those expectation included: conducting CRs, preparing an enforcement action, and providing technical assistance and outreach. When plaintiff was put on the PIP, he was denied a within-grade increase in his pay. The PIP commenced on July 5, 2006 and ended in mid-September 2006.

At the conclusion of the PIP, Holst recommended that plaintiff be removed from his position because he (1) could not independently conduct a CR without making numerous errors; (2) could not accurately prepare an enforcement case and was unable to use the agency's tools available to him; and (3) could not accurately answer carriers' questions. (Exh. N, Notice of Proposal to Remove.) Each area of concern was supported by several examples. Terry Wolf, the Division Administrator and the deciding official, followed Holst's recommendations and terminated plaintiff's employment effective February 18, 2007. (Exh.. P)

///

**B.     Legal Standard for Summary Judgment**

Rule 56 of Federal Rules of Civil Procedure empowers the court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c).

The moving party's burden on summary judgment depends on whether it bears the burden of proof at trial with respect to the claim or defense at issue. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *See C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). If the moving party does not bear the burden at trial, it can meet its burden on summary judgment by pointing out the absence of evidence with respect to any one element of the claim or defense. *See Celotex*, 477 U.S. at 325.

If the movant meets its burden on summary judgment, the burden shifts to the nonmovant to show summary adjudication is not appropriate. *Celotex*, 477 U.S. at 317, 324. In this regard, the nonmovant must "go beyond the pleadings" and rely on "evidentiary materials" such as his "own affidavits, or . . . the depositions, answers to interrogatories, and admissions on file" to designate specific facts in opposition to the summary judgment motion. *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). These evidentiary materials must show that genuine factual issues remain which "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the moving party meets its burden, the party opposing summary judgment "may not rely merely on allegations or denials of its own pleading; rather,

its response must ... set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 456 (1992), but inferences must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party. *Celotex*, 477 U.S. at 322. Moreover, inferences cannot be created by pointing to "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted). Instead, deference to the nonmoving party has limits: (1) a plaintiff cannot rest on allegations in his pleadings to overcome a motion for summary judgment, *Brinson*, 53 F.3d at 1049; and (2) self-serving affidavits do not establish a genuine issue of material fact if they fail to state facts based on personal knowledge or are too conclusory. *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001).

Determinations regarding credibility, the weighing of evidence, and the drawing of legitimate inferences are jury functions, and are not appropriate for resolution by the court on a summary judgment motion. *Id*.

### C.    Discrimination Claim

In count one of the complaint, plaintiff alleges a discrimination claim based on his status as a naturalized American citizen with Mexican heritage. (Comp. ¶32.) Defendant argues, however, that plaintiff cannot pursue this claim because he failed to exhaust his administrative remedies. Although plaintiff filed an opposition to defendant's motion, Gonzalez has not addressed in any manner his discrimination claim in his response. It appears plaintiff has abandoned his discrimination claim; therefore, the Court will not consider this claim further.

### D.    Retaliation Claim

Also n his complaint, plaintiff alleges retaliation with respect to his placement on the PIP and his discharge. Defendant argues, however, that the only proper and timely claim is for a Title VII retaliatory discharge. In his opposition, plaintiff appears to have abandoned his claim as to retaliation in connection with the PIP. Accordingly, the Court will consider the

retaliation claim as limited to plaintiff's employment termination which is based upon plaintiff's assistance to another former employee, Carmen Cook, with her EEOC claim and for filing his own EEOC claim.

### 1. Legal Standard for Title VII Retaliation

Title VII makes it an unlawful employment practice for an employer to discriminate against an individual because he has opposed any employment practice made unlawful by Title VII, or because he has made a charge, testified, assisted, or participated in any manner in an investigation under Title VII. 42 U.S.C. § 2000e-3(a). The burden-shifting format established in *McDonnell–Douglas Corp. v. Green*, 411 U.S. 792 (1973) is applicable to claims of retaliation under Title VII. *See Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008).

Under *McDonnell Douglas*, a plaintiff must first prove a prima facie case of retaliation: plaintiff must establish he engaged in a protected activity, his employer subjected him to an adverse employment action, and a causal link exists between the protected activity and the adverse action. *Metoyer v. Chassman*, 504 F.3d 919,931 (9th Cir. 2007). The Ninth Circuit has repeatedly emphasized that a plaintiff's burden in establishing a prima facie case of discrimination is "minimal." *Coghlan v. American Seafoods Co. LLC*, 413 F.3d 1090, 1094 (9th Cir. 2005).

If the plaintiff makes a prima facie case of retaliation, the burden then "shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly [retaliatory] conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). Finally, at the third step of *McDonnell Douglas*, if the employer articulates a legitimate reason for its action, the plaintiff must then raise a triable issue of material fact as to whether the defendant's proffered reasons for its actions are a mere pretext for unlawful retaliation. *Manatt v. Bank of America*, 339 F.3d 792, 800–01 (2003).

As an alternative to the *McDonnell Douglas* framework, a plaintiff responding to a summary judgment motion "may simply produce direct or circumstantial evidence demonstrating that a discriminatory [or retaliatory] reason more likely than not motivated [the

employer]." *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (citation omitted).

The plaintiff may defeat summary judgment only by satisfying the usual standard required under Federal Rule of Civil Procedure 56(e). *See Surrell*, 518 F.3d at 1106. He may do this by producing either direct evidence of discriminatory motive, which need not be substantial, or circumstantial evidence that is "specific and substantial" evidence of pretext. *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221–22 (9th Cir.1998). If the plaintiff succeeds in demonstrating a genuine issue of material fact as to whether the reason advanced by the employer was a pretext for retaliation, then the case proceeds beyond the summary judgment stage. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000).

Defendant argues that summary judgment should be granted as to the retaliation claim because plaintiff cannot meet the prima facie case for retaliation. Additionally, defendant contends that he had legitimate, non-discriminatory reasons for terminating plaintiff's employment, and that plaintiff has no direct or circumstantial evidence that defendant's articulated reasons were a pretext for retaliation.

### 2. Prima Facie Case

To establish a *prima facie* retaliation claim under Title VII, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) (citation omitted). To show the requisite causal link, the plaintiff must present sufficient evidence to raise an inference that the protected activity was the likely reason for the adverse action. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) (citations omitted). "The requisite degree of proof necessary to establish a prima facie case for Title VII ... on summary judgment is minimal and does not even need to rise to the level of preponderance of the evidence." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994).

#### a. Protected Activity

In the complaint, plaintiff asserts that his employment was terminated in retaliation for

his involvement as a witness in support of Carmen Cook's EEO complaint against Lynda Holst. Cook's EEO representative, Larry R. James, stated plaintiff became involved in Cook's complaint early in February 2006. Plaintiff alleges that Holst was aware of plaintiff's involvement in Cook's EEO complaint; however, he has provided no evidence of when or how Holst learned of his participation with Cook. Holst testified that she knew of Cook's EEO complaint but not that plaintiff was involved in providing a statement on Cook's behalf. (Exh. R, Holst Dep., Vol. 2, at 284-88.)

### b. Adverse Employment Action

Plaintiff claims that he suffered an adverse employment action when he was terminated from his employment.

### c. Causal Link

In its motion, defendant contends that plaintiff cannot show any causal connection between his protected activity and his removal. Gonzalez argues a causal connection solely on the basis that plaintiff engaged in the protected activity of assisting Cook with her EEO claim, which Holst was aware of, and his retaliatory placement on the PIP, which occurred three months later. (Opp. at 5-6.) The Court notes that the adverse action here is plaintiff's termination, not his placement on the PIP. Therefore, the time between plaintiff's protected activity and his termination is not three months but rather October 2006, when he received notice of defendant's intent to terminate his employment as an SI.

"The causal link may be established by an inference derived from circumstantial evidence, such as the employer's knowledge that the employee engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision." *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir.1988) (internal quotation marks omitted). But "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Clark County School Dist. v. Breeden*, 121 S.Ct. 1508, 1511 (2001). Some courts have found even a gap of even a few months insufficient to show causal connection. *See*

*Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003)(the time gap between the protected activity and the adverse actions was three to eight months). Although "a specified time period cannot be a mechanically applied criterion," the court considers retaliation claims "in the light of the timing and the surrounding circumstances. *Id.* 320 F.3d at 978.

As noted above, plaintiff, without providing any evidentiary support for his contention, states that because Holst knew of plaintiff's involvement with Carmen Cook's EEO claim in March 2006, and Holst recommended that plaintiff be removed from the SI position in October 2006, and plaintiff was ultimately terminated on February 18, 2007, there is a causal connection sufficient to support his prima facie case. The Court disagrees. Plaintiff offers no direct evidence of a causal link, and the seven months that elapsed between plaintiff's protected activity and Holst allegedly knowing of plaintiff's protected activity and his termination is too attenuated to support any inference of causal connection.

With respect to plaintiff's own protected activity, he did not contact an EEO Counselor until September 20, 2006, which is after he had unsuccessfully concluded his PIP. Because the protected activity occurred after the conclusion of the PIP which caused his termination, plaintiff cannot demonstrate a causal connection.

Although little evidentiary support is necessary to make a prima facie case, plaintiff has failed to set forth a causal connection between his protected activity with respect to assisting Cook and his adverse employment action. Nevertheless, the Court will assume that plaintiff has made a sufficient showing to warrant further analysis under the *McDonnell Douglas* test.

**3.    Reason for the Adverse Employment Decision**

Assuming plaintiff has established a prima facie case, which the Court believes he has not, defendant must come forward with a legitimate, non-retaliatory basis for Gonzalez's termination. "The defendant's burden at this stage is one of production, not persuasion. The court may not make a credibility assessment." *Njenga v. San Mateo County Superintendent of Schools*, 2010 WL 1261493, at *14 (N.D. Cal. 2010) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)).

Defendant contends that the record overwhelmingly demonstrates that plaintiff was

unable to perform the job of SI at the time he was terminated. The Court agrees. There is ample documentation of plaintiff's many deficiencies in the performance of his position.

The record fully establishes that plaintiff was unable to perform the duties required of all SIs. Accordingly, defendant has met its burden to show legitimate, non-retaliatory reasons for terminating plaintiff's employment.

### 4. Pretext for Retaliation

"If the defendant offers admissible evidence of a legitimate, nondiscriminatory reason for the claimed adverse action, . . . the plaintiff is left to prove by a preponderance of the evidence that the reasons offered by the defendant are merely a pretext for discrimination [or retaliation]." *Njenga v. San Mateo County Superintendent of Schools*, 2010 WL 1261493, at *14 (N.D. Cal. 2010)(citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)). The "critical" issue at the pretext stage is whether the plaintiff produces "sufficient evidence to raise a triable issue of fact as to whether the reason proffered by [employer] for [termination] was a pretext for unlawful retaliation." *Bergene v. Salt River Project Agr. Imp. and Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001); *see Manatt v. Bank of America, N.A.*, 339 F.3d 792, 801(9th Cir. 2003) ("Because [plaintiff] failed to introduce any direct or specific and substantial circumstantial evidence of pretext, summary judgment for the [defendant] must be affirmed."). A "plaintiff cannot create a genuine issue of pretext to survive a motion for summary judgment by relying solely on unsupported speculations and allegations of discriminatory intent." *Crawford v. MCI Worldcom Communications, Inc.*, 167 F.Supp.2d 1128, 1135 (S.D. Cal. 2001). The ultimate burden of persuading the trier of fact that the employer intentionally discriminated remains at all times with the plaintiff. *See Reeves*, 530 U.S. at 143 (citing *Burdine*, 450 U.S. at 253).

A plaintiff may meet the burden to show pretext using either direct or circumstantial evidence. Direct evidence is evidence "which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1221 (9th Cir.1998) (quoting *Davis v. Chevron, U.S.A., Inc.*, 14 F.3d 1082, 1085 (5th Cir.1994)) (alteration in original). Direct evidence typically consists of clearly sexist, racist, or

similarly discriminatory statements or actions by the employer. *See, e.g., Godwin*, 150 F.3d at 1221 (supervisor stated he "did not want to deal with [a] female"); *Cordova v. State Farm Ins.*, 124 F.3d 1145, 1149 (9th Cir. 1997). When an employee offers direct evidence of retaliatory motive, a triable issue as to actual motivation of employer is created even if evidence is not substantial. Circumstantial evidence is evidence that requires an additional inferential step to demonstrate retaliation. For example, a plaintiff can make an affirmative case that the employer is biased or a plaintiff can make his case negatively, by showing that the employer's proffered explanation for the adverse action is "unworthy of credence." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

Plaintiff contends that he offers direct evidence that establishes Holst's retaliatory animus. Alternatively, plaintiff states that the record supports an inference that retaliation was a motivating factor in the decision to terminate plaintiff's employment because the explanations are unworthy of credence as they are internally inconsistent or not believable or both.

Here, in arguing direct evidence of retaliatory motive, plaintiff points to a single oral statement and three written statements Holst made to show pretext. But only the oral statement is related to the protected activity at issue: an employee, Jacobo Baco, allegedly heard Holst state she disliked plaintiff because he was outspoken about the removal of Carmen Cook, that it was none of his business, and he "was burning bridges with management and that it could cost him his job." (Opp. at 7-8.) Defendant argues, however, that the Court should not consider Baca's declaration because he signed an earlier affidavit on June 26, 2007,that was presented to an EEO investigator, wherein he described Holst as getting angry with plaintiff and yelling at him, as he alleges she did towards others. (Def. Exh. Z, Baca's 2007 Affidavit, 5, 6, 8.)  In the affidavit, Baca was asked specifically whether he believed Holst's behavior was because of plaintiff's prior EEO activity, and Baca stated: "I don't think this had to do with the race, national origin, religion or *prior EEO activity of Mr. Gonzalez*." (Id. at ¶ 10. (emphasis added)) The general rule is that a party cannot create an issue of fact on a motion for summary judgment by submitting an affidavit that contradicts prior testimony. *Cozzi v. County of Marin*,

2011 WL 1465603 (N.D. Cal. 2011); *see also Scamihorn v. General Truck Drivers*, 282 F.3d 1078, 1086 n.7 (9th Cir. 2002)(party cannot create an issue of fact by an affidavit contradicting prior testimony).

Baco's recent declaration does not support a finding that Holst knew of plaintiff's protected activity but instead merely states that Holst disliked plaintiff "because he was outspoken about the removal of Carmen Cook." (Plf's Exh. 39-2.) This statement does not in any manner link Holst with plaintiff's protected activity and certainly is not direct evidence proving retaliatory animus without inference or presumption. *See Godwin*, 150 F.3d at 1221.

Plaintiff also points to an August 2006 email from Holst to Griggs that refers to plaintiff as a "problem child"; another August 2006 email to Griggs wherein Holst wrote that plaintiff lied to an employee about Holst's willingness to participate in setting up a union; and Holst's October 2006 email to Ed Dinep, then FMCSA's Chief of Employee Relations and Services division where she wrote that she was "in the mood" for giving plaintiff a negative performance evaluation. None of these writings directly suggests that Holst had a retaliatory animus based on plaintiff's protected activity.

Because plaintiff's case must now be based on circumstantial evidence, he is required to present specific and substantial evidence of pretext. Plaintiff recognizes the overwhelming evidence of his performance deficiencies but maintains his termination was influenced by improper motives on the part of Holst.

Even considering Baco's recent declaration, which is at best in conflict with his earlier affidavit, as circumstantial evidence, an inference cannot be made that Holst knew of plaintiff's protected activity with Cook's EEO complaint simply because Holst disliked Gonzalez because he spoke about Cook's removal.

Plaintiff also attempts to show that the reasons given for his termination were unworthy of credence by challenging the accuracy of Holst's and Tomlinson's interpretation of regulations. But plaintiff's subjective interpretation and application of regulations is not specific or substantial evidence of pretext.

Further, plaintiff does not point to any evidence that gives rise to an inference that the

termination decision maker, Terry D. Wolf, who is neither alleged nor proven to have known of Gonzalez's protected activity, considered plaintiff's protected activity in approving his termination. Gonzalez provides no other specific, substantial evidence of pretext for retaliation.

As the *Stengall* Court noted: "The employee's ultimate burden of proof in all cases remains the same: to show by a preponderance of the evidence that the challenged employment decision was 'because of' discrimination [or, in this case, retaliation]." *Stegall v. Citadel Broadcasting Co.*, 350 F.3d 1061, 1068 (9th Cir. 2003)(quoting *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 857 (9th Cir. 2002). Based on the evidence presented, plaintiff has not tendered a genuine issue of material fact as to pretext in order to avoid summary judgment. *See Steckl*, 703 F.2d at 393.

### E.    Conclusion

Plaintiff has failed to make a prima facie showing to support his sole claim of retaliation by not providing even a minimal causal connection between his protected activity – supporting Carmen Cook's EEO complaint – and his termination. Even if plaintiff made a prima facie case, he has not provided any direct or circumstantial evidence to raise a triable issue of fact as to whether the reason offered by his employer for termination was a pretext for unlawful retaliation.

Accordingly, **IT IS ORDERED** defendant's motion for summary judgment is **GRANTED**. The Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: September 30, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL